(99 South. 800)

No. 24354.

### McLEMORE v. MARTINEAU.

(March 31, 1924.)

*(Syllabus by Editorial Staff.)*

Partnership ⬅➡345—Parties must make intelligible statement of items of account as part of record where examination of such account necessary.

    Where an appeal is taken in a suit for settlement of a partnership for the construction of buildings and it is necessary to examine the items of the accounts of various building jobs carried on by the partnership in order to determine the rights of the parties, the appellant should make an intelligent statement of the partnership affairs as part of the record so that the disputed items can be investigated by the Supreme Court and a conclusion reached

as to their correctness, and, if this is not done, the decision below will be affirmed, no error being shown.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Suit by W. R. McLemore against P. Martineau. Judgment for defendant, and plaintiff appeals. Affirmed.

B. H. Lichtenstein, of Shreveport, for appellant.

Lewell C. Butler, of Shreveport, for appellee.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ. LAND, J., being recused, Justice ST. PAUL, of Division C, took part in the decision of this case.

LECHE, J. Plaintiff and defendant entered into a partnership for the construction and repair of buildings and other similar work. Plaintiff is a practical builder under whose supervision the work was to be done, and defendant was to make the necessary advances in money and supplies, and all profits and losses were to be equally shared. The partnership only lasted about one year, and during that time it entered into and performed four contracts. The present suit was brought after dissolution of the partnership and has for its purpose the liquidation and settlement of the affairs of the partnership.

The district court found that the partnership had earned a total net profit of $702.32, one-half of which, say $351.16, belonged to plaintiff. Defendant, having collected the stipulated prices in each of the four contracts, was condemned to pay this amount to plaintiff, less $250 advanced by him to plaintiff in board and lodging, or a total of $101.16. From that judgment plaintiff has appealed.

We understand that in carrying on the work of the partnership, plaintiff was to be paid his wages and defendant reimbursed his advances out of the receipts and that the remainder of the funds earned, if any, was to constitute the profit to be divided between the partners.

The partnership undertook four contracts. It erected a building for the Louisiana Motor Car Company. That contract was taken on a percentage basis, and it is conceded that a profit of $775.67 was made on that job. The three other contracts were for alterating or erecting buildings for Hirsch, for Notini, and for Flournoy. The district court found a profit of $766.78 on the Notini contract, a profit of $38.90 on the Hirsch contract, and a loss of $879.07 on the Flournoy contract, and upon these findings rendered judgment as herein before stated.

Martineau was the financially responsible member of the firm. He paid all bills for labor and material. His accounts were kept by Mason, his bookkeeper. Mason, as a witness, testified to the correctness of these accounts, exhibited in the trial court numerous receipts and vouchers and a statement from his books, all of which were offered in evidence, but are not contained in the record. The only statement of account we have been able to find is in plaintiff's brief. That statement may be correct, but it is not evidence in the case and cannot be considered. We find it utterly impossible from the evidence in the record to eke out an intelligent statement of the affairs of the partnership. Such statement should have been made by the parties as part of the record, so that the disputed items could be investigated by this court and a conclusion reached as to their correctness.

As appropriately said by the late Associate Justice Blanchard, this court will not undertake to delve into numerous items and figures to eke out a showing which should have been made by the parties themselves.

The trial judge, who heard all the testimony and saw the exhibits referred to by the witnesses, wrote apparently sound rea-

sons for his judgment, and there is nothing to indicate error in his conclusions.

The judgment appealed from is therefore affirmed.